IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CV-00058-F

| | |
|---|---|
| ERIC FLORES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND MEMORANDUM** |
| | ) **AND RECOMMENDATION** |
| UNITED STATES ATTORNEY | ) |
| GENERAL, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. Plaintiff's application is allowed for the limited purpose of conducting frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), which directs the court to review the allegations of a complaint and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

## I. STANDARD OF REVIEW

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,'

'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less

2

stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. DISCUSSION

Here, Plaintiff alleges violations of the first amendment by the United States Attorney General and the Federal Bureau of Investigation against him and several other individuals, and Plaintiff seeks class certification. Compl. [DE-1-1] at 1-3. As a legal basis for his claims, Plaintiff specifically alleges that

> governmental interference with a person[']s marriage resulting in separation of that marriage can be constituted as a constitutional deprivation of the first amendment right to free exercise of religious belief under the domestic legal pretext[,] [and] . . . governmental interference with a person[']s communication to the state and federal law enforcement agencies so as to prevent an investigation of a crime committed against that person can be constituted as a constitutional deprivation of the first amendment right to freedom of speech.

*Id.* at 4. Plaintiff's claims are supported by approximately 60 pages of factual allegations, of which the following is representative:

> The organized group of executive employees of the federal government retaliated against the invocation of the petitioners constitutional right by useing [sic] advanced technology with a direct signal to the satelite [sic] in outerspace that has the capability of calculateing [sic] genetic code to cause the petitioners Uncle [] severe heart pain for long durations exceeding calendar years in which was equivalent in intensity to cardiac and respatory failure leading to a heart attack and resulting in the death of the petitioners Uncle [].

3

The organized group of executive employees of the federal government then used their official capacity to influence the El Paso County Medical Examiners and Forensic Labatory [sic] to fabercate [sic] frivolous documents resembleing legitimate adtopsy reports that falsely alleged that the petitioners Uncle had died of a natural cause of death such sa heart attack so as to rule out probable cause that would prove that the organized group of executive employees of the federal government used deadly technology to torture the petitioners Uncle [] to death.

Thereafter the organized group of executive employees of the federal government unlawfully setup their own courts of common law with the specific intent of simulateing [sic] the legal process to deprive the petitioner of equal protection of law by electronically fileing [sic] into the clerk of the courts frivolous documents resembleing [sic] legitimate court actions which falsely portray to dismiss the petitioners nonfrivolous legal claims challengeing [sic] a constitutional deprivation as the accused in a criminal case so as to influence the clerk of the court to believe that the federal court had rendered a decision to dismiss the case to cause the clerk of the court to close the case so as to prevent a judicial investigation that can result in criminal[] lawful sanctions against the organized group of executive employees of the federal government for engageing [sic] in acts or omissions to deprive the petitioner of due process of law as the accused in a criminal case.

. . . .

[T]he organized group of executive employees of the federal government used advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing [sic] a genetic code to profoundly disrupt the personality and senses of the petitioners grandfather [] for long durations exceeding calendar years in which was equivalent in intensity to take physical control of his mental state of mind so as to compel him into an act of dures [sic] by a calculated procedure to have sexual intercourse with another female person other than his common wife Celia Flores the mother of all his children.

The fact that the organized group of executive employees of the federal government used advanced technology to take physical control of the petitioners grandfather mental state of mind to compel him into an act of dures [sic] by a calculated procedure to have sexual intercourse without his effective and consent or awareness with another female person other than his wife [] the mother of all his children constitutes unjustified governmental interference in his first amendment right to free exercise of religious belief to not commit adultery by having sex with another female person other than his wife the mother of all his children.

> The organized group of executive employees of the federal government then used advanced technology with a direct signal to the ssatelite [sic] in outerspace that has the capability of calculateing [sic] a genetic code to cause the petitioners grandfather [] severe heart pain for long durations exceeding calendar years in which was equivalent in intensity to cardiac aned [sic] respatory [sic] failure leading to a heart attack resulting in his death.

*Id.* at 8-9, 22-23.

Plaintiff's allegations are simply unbelievable, and thus his claims lack an arguable basis in fact. *See Flores v. United States Attorney General*, No. 4:15-CV-04037-SLD-JEH, [DE-3] (C.D. Ill. Apr. 13, 2015) (unpublished) (dismissing substantively identical complaint as frivolous where the complaint "weaves a rambling and repetitive narrative" of facts that "are so nutty ('delusional' is the polite word) that they're unbelievable") (citation and internal quotation marks omitted); *Flores v. Holder*, No. 5:15-CV-77-RS-GRJ, [DE-4] (N.D. Fla. Apr. 13, 2015) (unpublished) (recommending substantively identical complaint be dismissed for improper venue and as frivolous); *Flores v. United States Attorney General*, No. 2:15-CV-1207-GCS-EPD, [DE-3] (S.D. Ohio Apr. 9, 2015) (unpublished) (recommending dismissal of substantively identical complaint for failure to state a plausible claim where the "claims are predicated upon irrational and delusional allegations").[1] Accordingly, it is recommended that the complaint be dismissed as frivolous.

---

[1] A Pacer search reveals that Plaintiff filed approximately 19 substantively identical complaints in a variety of federal courts around the country at the same time this case was filed. Furthermore, Plaintiff has previously filed numerous other cases that have been dismissed as frivolous, some of which resulted in monetary sanctions and filing restrictions in the Western District of Texas, the Eastern District of Wisconsin, the Fifth Circuit, and the United States Supreme Court. *See Flores*, No. 5:15-CV-77-RS-GRJ, [DE-4] at 3-4 (citations omitted).

## III. CONCLUSION

For the reasons stated herein, it is ORDERED that Plaintiff's application to proceed *in forma pauperis* is ALLOWED for the limited purpose of frivolity review, and it is RECOMMENDED that the case be dismissed.

The Clerk shall send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED, this the 17 day of April 2015.

Robert B. Jones, Jr.
United States Magistrate Judge